IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MAURICE ODELL COX, #271280,        )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    CIVIL ACTION NO. 1:18-CV-661-SMD
                                   )              [WO]
TONY HELMS, SHERIFF, *et al*.,     )
                                   )
        Defendants.                )


**<u>OPINION and ORDER</u>**[1]

Plaintiff filed this 42 U.S.C. § 1983 action on July 13, 2018. When he filed suit, Plaintiff

was incarcerated at the Fountain Correctional Facility in Atmore, Alabama. On October 15, 2018,

the court entered an order of procedure directing Defendants to file an answer and special report.

(Doc. 12). This order also directed Plaintiff to "immediately inform the court and Defendant[s] or

Defendant[s]' counsel of record of any change in his address." (Doc. 12) at 3, ¶8. The order further

advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days

following any change of address will result in the dismissal of this action." *Id.*

On January 2, 2020, Plaintiff's copy of an order entered December 23, 2019, was returned

to the court marked as undeliverable because Plaintiff is no longer at the last address he provided

for service. The court entered an order on January 6, 2020, requiring that by January 16, 2020,

Plaintiff show cause why his complaint should not be dismissed for his failure to keep the court

---

[1] The parties in this case have consented to the exercise of jurisdiction by the Magistrate Judge under 28
U.S.C. § 636(c) for all proceedings. Specifically, the parties executed a written consent form which reads,
in relevant part, that in accordance with the provisions of § 636(c) and Federal Rule of Civil Procedure 73,
the parties in this case "consent to have a United States magistrate judge conduct all proceedings in this
case, including trial, the entry of a final judgment, and post-judgment proceedings." Doc. 25.

apprised of his current address as directed in the court's order of procedure. This order specifically cautioned Plaintiff that his failure to comply with the directives of the January 6 order would result in the dismissal of this case. *Id.* Plaintiff's copy of the court's January 6 order was returned to the court January 22, 2020, marked as undeliverable.

The foregoing makes clear Plaintiff has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes dismissal of the complaint is appropriate for Plaintiff's failures to prosecute this action and comply with the orders of the court. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

A separate Judgment will be entered.

Done, this 28th day of January, 2020.


/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE